Filed 8/15/22  P. v. McFarland CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TAMEKA MCFARLAND,<br><br>        Defendant and Appellant. | A160723<br><br>(San Mateo County<br>Super. Ct. No. 19-SF-013116-A) |

In 2020, defendant Tameka McFarland pled no contest to second degree robbery (Pen. Code, § 212.5, subd. (c))[1] and admitted a prior felony strike conviction (§§ 667, subd. (d), 1170.12) and a prior serious felony (§ 667, subd. (a)(1)).  On appeal, defendant argues the trial court abused its discretion in denying her motion to strike her prior strike conviction for sentencing purposes.  She also challenges the imposition of a $300 restitution fine, a $40 court operations assessment fee, a $30 criminal assessment fee, and a $30 administrative fee without a hearing on her ability to pay them.  We vacate the balance of the $30 administrative fee, but in all other respects affirm the judgment.

---

[1]    Further statutory references are to the Penal Code unless indicated otherwise.

## FACTUAL AND PROCEDURAL BACKGROUND

Between 2009 and 2019, defendant was convicted of various criminal offenses, including several felonies and a misdemeanor. In September 2008, defendant and an accomplice stole liquor from a store. The store clerk was punched in the face, and defendant drove a car into the clerk as they fled. Defendant was convicted in 2009 of second degree robbery and received three years of probation. Also in 2009, defendant was convicted twice of felony second degree burglary, one for an incident occurring in August 2008 and the other for an incident occurring in February 2009. In February 2014, defendant was convicted of receiving stolen property (§ 496) and received two years of probation after she stole clothing from a store and punched an employee when confronted. In June of the same year, she was convicted of felony infliction of corporal injury on her spouse (§ 273.5, subd. (a)) after she stabbed him in the back and hand during an argument and fled the scene. In 2019, defendant was convicted of a misdemeanor—obstructing an officer (§ 148, subd. (a)(1))—for which she received three years of probation.

Defendant committed her instant 2019 offense while on probation. This time she had attempted to steal merchandise from a phone store. When the store manager tried to record her with a phone, defendant knocked the phone out of his hand and fled. Defendant pled no contest to second degree robbery (§ 212.5, subd. (c)) and admitted a prior strike conviction premised on the 2009 second degree robbery conviction for the liquor theft (§§ 667, subd. (d), 1170.12) and a prior serious felony (§ 667, subd. (a)(1)). Pursuant to the plea agreement, the trial court struck other charges and priors alleged in the information, i.e., a felony count of bringing contraband into jail (§ 4573, subd. (a)), a misdemeanor count of resisting an officer (§ 148, subd. (a)(1)), and five prior felonies (§ 1203, subd. (e)(4)).

2

Defendant's probation officer submitted a report regarding defendant's background and recommendations regarding her sentence. The report noted defendant was placed in child protective services custody after she was born; that she started smoking marijuana at a young age; and that she used methamphetamine on a regular basis starting at the age of 20. While acknowledging that defendant could benefit from treatment for her addiction to marijuana, the report observed she failed to make recovery a priority in the past. The report also identified defendant's bipolar disorder diagnosis, for which she takes medication and attends monthly psychiatric visits. But she was not in therapy and did not participate in any counseling. Defendant expressed no real responsibility for her past and current criminal conduct. At the time the report was drafted, defendant expressed no interest in attending a substance abuse program, and her probation officer stated she was not an appropriate candidate for probation services.

As relevant here, defendant moved to strike her prior 2009 felony conviction under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*), citing her difficulties with methamphetamine addiction. The trial court carefully reviewed the probation report and denied her motion. The court cited defendant's numerous felony and other convictions and probation violations postdating her 2009 felony conviction as weighing against striking the prior felony. It sentenced defendant to nine years in prison—the low term of two years, doubled as a second strike, plus five years for the serious prior felony enhancement. The court also imposed a $300 restitution fine, a $40 court operations assessment fee, a $30 criminal assessment fee, and a $30 administrative fee.

## DISCUSSION

### A.  *Romero* Motion

Defendant argues the trial court abused its discretion by denying her motion to strike a prior felony strike conviction.  We disagree.

The "Three Strikes" law requires that sentencing enhancements be applied in "every case where the defendant has at least one qualifying strike"—a prior serious and/or violent felony—unless the trial court concludes "for articulable reasons" that the defendant falls outside the Three Strikes sentencing scheme.  (*People v. Strong* (2001) 87 Cal.App.4th 328, 337–338.)  A trial court may strike a prior serious felony conviction allegation "in furtherance of justice."  (§ 1385, subd. (a); *Romero, supra*, 13 Cal.4th at p. 504.)  When exercising this discretion, the court must consider whether the nature and circumstances of the defendant's present felonies and prior serious or violent felony convictions, and the defendant's background, character, and prospects, render the defendant "outside the [Three Strikes] scheme's spirit."  (*People v. Williams* (1998) 17 Cal.4th 148, 161.)  The refusal to strike a prior conviction is reviewed for an abuse of discretion.  (*People v. Carmony* (2004) 33 Cal.4th 367, 375.)  A court abuses its discretion when, for example, it is unaware of its discretion or it considers impermissible factors when declining to strike a prior felony.  (*Id.* at p. 378.)

No abuse of discretion appears here.  Contrary to defendant's assertions, the record reflects that the trial court properly considered defendant's prior felony convictions and offenses, as well as her mental health and substance abuse history, in concluding she is within the spirit of the Three Strikes law.  (*People v. Williams, supra*, 17 Cal.4th at p. 161.)  The court reviewed defendant's probation report, which included information regarding her bipolar disorder diagnosis and treatment.  The report further

4

documented defendant's methamphetamine use and her current lack of interest in attending a substance abuse program. The court also acknowledged defendant's current amenability to treatment despite her prior refusals.

Defendant argues the trial court wrongly failed to consider her young age when she committed the 2008 second degree robbery offense and her prior experience in the juvenile dependency system. But nothing in the record affirmatively supports that assertion, and the trial court expressly stated that it reviewed the probation report "very carefully." Accordingly, we presume the court considered those and all other relevant factors. (*People v. Carmony*, *supra*, 33 Cal.4th at p. 378 [courts are presumed to consider all relevant factors unless there is contravening evidence in the record].)

As the record reflects, the trial court weighed defendant's background against her present and prior offenses and noted that, since her 2009 felony strike conviction, she has continued to offend and to have multiple violations of her probation. (Cf. *People v. Garcia* (1999) 20 Cal.4th 490, 503 [holding that a "single period of aberrant behavior for which [defendant] served a single prison term," may justify striking prior strike felony].) Indeed, in the 11 years preceding the instant offense, defendant engaged in a series of felony offenses and sustained six probation violations. (*People v. Carmony*, *supra*, 33 Cal.4th at p. 378 [lengthy criminal record a factor when refusing to strike defendant's priors].) Thus, while the relative remoteness of defendant's prior felony strike conviction, her youth at the time of that prior felony, and her mental illness and drug problems were factors that might have supported the striking of the conviction under a different set of circumstances, the trial court did not abuse its discretion in denying

5

defendant's motion based on her continuing commission of felony offenses and probation violations.

Finally, defendant suggests her sentence is unjust given the "growing trend in California moving away from more draconian sentencing measures." While defendant cites to recent sentencing laws that reduce certain drug and property crimes to misdemeanors or strike mandatory firearm enhancements, she does not argue that her convictions and sentences are directly affected by such laws. In any event, the relevant issue here is whether there are extraordinary circumstances that render defendant outside the spirit of the Three Strikes law, and defendant provides no authority suggesting that any or all of these new laws compel the granting of a *Romero* motion under the circumstances in this case. On this record, the trial court did not abuse its discretion.

**B.      Restitution Fine and Court and Criminal Assessment Fees**

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, defendant contends the trial court violated her rights to due process, equal protection, and protection against excessive fines by imposing a $300 restitution fine (§ 1202.4, subd. (b)(1)); a $40 court operations assessment fee (§ 1465.8); and a $30 criminal assessment fee (Gov. Code, § 70373, subd. (a)(1)) without first determining whether she had a present ability to pay them. (*Dueñas*, at p. 1168 [due process required a hearing on defendant's ability to pay before execution of restitution fine and imposition of court operations and facilities assessments].) Defendant, however, has forfeited review of this issue on appeal. Specifically, she failed to object when the fine and fees were imposed at her sentencing hearing in July 2020, which occurred more than one year after *Dueñas* was decided. (*People v. Trujillo* (2015) 60 Cal.4th 850, 856, 859 [defendant can forfeit constitutional claim regarding ability to pay fees].)

6

Although a party may be excused for failing to raise an issue in the trial court when an objection would have been futile or wholly unsupported by the substantive law then in existence (*People v. Welch* (1993) 5 Cal.4th 228, 237), defendant fails to establish that such is the situation here.[2]

We reject defendant's assertion that counsel committed ineffective assistance by failing to make the requisite objection. (*Strickland v. Washington* (1984) 466 U.S. 668, 686–688.) To prevail on a claim of ineffective assistance, a defendant must demonstrate (1) counsel's performance " 'fell below an objective standard of reasonableness . . . under prevailing professional norms' "; and (2) this deficient performance prejudiced the defendant. (*People v. Ledesma* (2006) 39 Cal.4th 641, 746.) Reversal for ineffective assistance of counsel is warranted "only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) "All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*Ibid.*)

Nothing in the record affirmatively indicates that counsel had no tactical purpose for not objecting to the fine or fees. (*People v. Mai*, *supra*, 57

_____

[2] We deny defendant's request for judicial notice of the People's brief filed in the California Supreme Court case *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844. The brief addresses two issues: "(1) Must a court consider a defendant's ability to pay before imposing or executing fines, fees, and assessments? (2) If so, which party bears the burden of proof regarding the defendant's inability to pay?" *Kopp* does not address the circumstances under which a defendant forfeits a challenge to the imposition of fines and fees. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 422, fn. 2 ["any matter to be judicially noticed must be relevant to a material issue"].)

Cal.4th at p. 1009.) The record demonstrates that at the time of sentencing, defendant was 30 years old, had a high school diploma, and an employment history in retail sales, food service, warehousing, and transportation prior to her arrest. It may be that defense counsel reasonably believed defendant had the present ability or potential to pay the fine and assessments in the future—a conceivable reason for failing to object. (*Ibid.*) Consequently, we cannot conclude, on the basis of the record on appeal, that defendant received ineffective assistance of counsel.

### C. Administrative Fee

Finally, we agree defendant is not required to pay the 10 percent collection fee to cover the administrative cost of collecting the $300 restitution fine—a $30 administrative fee. (Former § 1202.4, subd. (l)). While this appeal was pending, the Legislature enacted Assembly Bill No. 177 (2021–2022 Reg. Sess.), eliminating a range of administrative fees that agencies and courts were authorized to impose in addition to eliminating outstanding debt incurred as a result of the administrative fees. (Stats. 2021, ch. 257, § 2, eff. Sept. 23, 2021.) Under this legislation, the balance of court-imposed costs pursuant to section 1202.4 "shall be unenforceable and uncollectible" on or after January 1, 2022. (Stats. 2021, ch. 257, § 35; § 1465.9, subd. (b).) Hence, the balance of this fee must be vacated.

### DISPOSITION

We strike the unpaid balance of the 10 percent collection fee, as of January 1, 2022, which had been imposed under former section 1202.4, subdivision (l). The superior court is directed to amend the abstract of judgment to reflect this modification. The judgment is otherwise affirmed.

_____
Fujisaki, Acting P.J.

WE CONCUR:


_____
Petrou, J.


_____
Rodríguez, J.

*People v. McFarland* (A160723)

9